UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DARRIES JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-00067-JRG-CLC |
| | ) | |
| HAMBLEN COUNTY SHERIFF'S OFFICE, L. FOSTER, LT. L. HAMBRICK, TENNESSEE BUSINESS ENTERPRISES, TONYA MARSHALL, and MR. DARRELL, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and Plaintiff Darries Jackson's request for judgment [Doc. 12]. For the reasons set forth below, Plaintiff's request for judgment [Doc. 12] will be **GRANTED** to the extent that this Order is being entered and this action will be **DISMISSED** as the complaint fails to state a claim upon which relief may be granted under § 1983.

I. **SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

**II.   ANALYSIS**

In his complaint, Plaintiff asserts two claims where Defendants have allegedly withheld personal property from Plaintiff [*See generally* Doc. 2]. First, Plaintiff claims that Defendants have withheld his trust account money from him either due to theft or misplacement of funds [*Id.* at 5]. Plaintiff was transferred from Hamblen County Jail to Washington County Detention Center and back to Hamblen County Jail and upon his return to Hamblen County Jail he claims that he has been unsuccessful in recovering the funds in his trust account [*Id.*]. The manager of the company that managers the inmate accounts at Washington County Detention Center informed Plaintiff that his funds would be sent to Hamblen County Jail within a month of his arrival [*Id.*]. However, Plaintiff claims that he has still not received notice that his funds are available to him [*Id.*].

Next, Plaintiff claims that upon intake and booking at the Hamblen County Jail, his personal properties were seized and placed in storage until his release from the facility [*Id.* at 5].

Plaintiff was provided a booking inventory of the personal items collected [*Id.*]. Plaintiff has been reassured that all his properties are still in storage [*Id.*]. However, eight months after Plaintiff's transfer from Hamblen County Jail to Hawkins County Jail, he has still not recovered his personal property [*Id.* at 7].

Although not stated explicitly in his complaint, it appears Plaintiff is alleging that Defendants lost funds and personal property, and thus, they deprived him of property without due process of law, in violation of the Fourteenth Amendment of the United States Constitution [*See generally* Doc. 1].

The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy.[1] *Parratt v. Taylor*, 451 U.S. 527, 543 (1981)*, overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Thus, to state a § 1983 claim premised on a procedural due process violation, Plaintiff "was required to plead . . . that there is no adequate state-law remedy for this deprivation." *Hill v. City of Jackson, Michigan*, No. 17-1386, 2018 WL 5255116, at *3 (6th Cir. Oct. 22, 2018). Plaintiff did not make such an allegation. Moreover, the State of Tennessee provides an adequate post-deprivation remedy. *See* Tenn. Code Ann. § 9-8-301 *et seq*. As such,

---

[1] Under Sixth Circuit precedent interpreting *Parratt*, a § 1983 plaintiff can prevail on a procedural due process claim "by demonstrating that the property deprivation resulted from either: (1) an established state procedure that itself violates due process rights, or (2) a 'random and unauthorized' act causing a loss for which available state remedies would not adequately compensate the plaintiff." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 907 (6th Cir. 2014). In this case, Plaintiff appears to challenge only a "random and unauthorized act," and makes no mention of state procedure.

even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's request for judgment [Doc. 12] is **GRANTED** to the extent that this Order is being entered and this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
